IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH BROWN,** : | **CIVIL NO. 1: CV-04-2647** |
| **Plaintiff** : | |
| v. : | |
| **FREDERICK MAUE, Correctional** : | |
| **Chief Clinic Service of Psychiatry;** : | |
| **LANCE COUNTURIER, Psychologist** : | |
| **Chief; DR. RAVINDRANATH** : | |
| **KOLLI, Psychiatrist; PETE** : | |
| **SAAVENDRA, Psychiatrist at** : | |
| **SCI-Fayette; GARY GALLUCCI,** : | |
| **Psychologist; DAVID YANAK,** : | |
| **Psychologist at SCI-Fayette,** : | |
| **Defendants** : | |

## **M E M O R A N D U M**

Before the court are three separate motions to dismiss Plaintiff's Amended Complaint. (Docs. 30, 31, 32.) The parties have briefed the issues, and the matter is ripe for disposition. For purposes of this memorandum and order, the court will only consider Defendants Beard, Maue, Couturier, Saavendra, Gallucci, Yanak, and Scire's (hereinafter collectively referred to as the "Beard Defendants") motion to dismiss. (Doc. 32.) Specifically, the court will only consider the Beard Defendants' argument that Plaintiff's Amended Complaint should be dismissed, or in the alternative, that the action should be transferred to the Western District of Pennsylvania based on venue considerations. (*Id.*) For reasons stated below, the court finds the Beard Defendants' argument to be convincing and will grant the request to transfer the action to the Western District of Pennsylvania.

## I.       **Background**

The relevant background to this memorandum and order are as follows. Plaintiff, Keith Brown, an inmate in the correctional system of the Commonwealth of Pennsylvania, filed his initial Complaint on December 8, 2004. (Doc. 1.) On March 18, 2005, Plaintiff filed an Amended Complaint. (Doc. 24.) On April 6, 2005, Defendant Koli filed a motion to dismiss. (Doc. 30.) On April 7, 2005, Defendant Edelman filed a motion to dismiss. (Doc. 31.) On April 8, 2005, the Beard Defendants filed the instant motion to dismiss. (Doc. 32.)

Plaintiff, in his Amended Complaint, alleges the following against Defendants: (1) violation of 42 U.S.C. § 1983; (2) denial of adequate psychiatric medical treatment in  violation of the Eighth Amendment; (3) adverse action in the form of retaliation; (4) violations of 42 U.S.C. §§ 1985 and 1986, (5) violation of his Fourteenth Amendment rights; and (6) a state tort claim based on medical malpractice and negligence. Plaintiff alleges that these various actions took place while he was an inmate at the State Correctional Institution ("SCI")-Pittsburgh[1] and SCI-Fayette.

## II.      **Legal Standard: Change of Venue**

The applicable statute for change of venue is 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute provides district courts with discretion to transfer a civil action "if the transfer is warranted by the convenience of parties and witnesses and promotes the interests of justice." *Van Dusen v. Barrack*,

---

[1] Plaintiff refers to SCI-Pittsburgh as SCIP-Western.

376 U.S. 612, 616 (1964).  Stated differently, "the purpose of [§ 1404(a)] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Id*. (internal quotations omitted).  Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted."  *Measurement Specialties, Inc. v. Stayhealthy.com*, 275 F. Supp. 2d 638, 640 (E.D. Pa. 2003).

As a threshold question, the court must determine whether the action "might have been brought" in the proposed transferee district.  *Id*. at 616-17.  If this limitation is met, the court must then weigh a list of factors.  While there is no definitive list of factors, courts generally consider the following: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).  The burden of showing that these factors warrant transfer rests with the moving party.  *Id*. at 879.  However, the moving party "is not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.'

" *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) (quoting *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995)) (alterations in original).

### III.          Discussion

The Beard Defendants state that "Plaintiff, who resides in a State Correctional Institution in Fayette County in the Western District of Pennsylvania, has brought this action against Defendants who primarily reside in the Western District Pennsylvania based upon events which occurred in the Western District of Pennsylvania and not in the Middle District of Pennsylvania." (Beard Defs.' Motion to Dismiss, Doc 33 at 5.)  Based upon this, the Beard Defendants argue that venue is not proper in the Middle District of Pennsylvania ("Middle District") and the case should be dismissed, or in the alternative, it should be transferred to the Western District of Pennsylvania ("Western District").[2]  The court will deny the Beard Defendants' motion to dismiss based on venue; however, the court will grant the Beard Defendants' request that venue be transferred to the Western District.

As stated, § 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In the interest of justice, the court will transfer Plaintiff's Amended Complaint and decline to dismiss Plaintiff's Amended Complaint.  Moreover, even if the court would dismiss Plaintiff's Amended Complaint, Plaintiff would most likely refile a complaint in the Western District. Therefore, the court will decline to dismiss Plaintiff's Amended Complaint on the

---

[2]The court notes that because at least one Defendant resides in the Middle District venue would, technically, be proper in the Middle District.  *See* 28 U.S.C. § 1391(b).

4

basis of judicial economy, as well as practical considerations of all parties involved in the present action.

      Plaintiff opposes transfer of venue and asserts that his preference is to have the action heard in the Middle District.  Plaintiff has an ongoing action in the Middle District, Case No. 1:03-CV-0507.  Thus, according to Plaintiff, the Middle District is better suited to hear his present claims.  The court disagrees.  While Plaintiff's choice of forum is a consideration the court weighs in deciding a motion to transfer venue, it is but one consideration.  The court recognizes that Plaintiff currently has an ongoing action in the Middle District; however, this claim revolves around ankle injuries Plaintiff suffered and the subsequent medical care provided to Plaintiff.  Plaintiff's instant Amended Complaint revolves around his psychiatric health and relevant care provided by prison personnel.  Moreover, Plaintiff's instant Amended Complaint implicates an entirely new set of defendants.  While this court is familiar with Plaintiff and some of his concerns related to his psychiatric care, this factor does not weigh so heavily as to merit denying the Beard Defendants' request to transfer venue.

      As stated, the alleged actions by Defendants against Plaintiff occurred while Plaintiff was an inmate at SCI-Pittsburgh and SCI-Fayette.  Both of these institutions are located in the Western District.  The court notes that Plaintiff was also an inmate at SCI-Waymart forensic unit;[3] however, Plaintiff does not allege that any wrongdoing occurred while he was an inmate there. (Am. Compl. ¶ 6, 7.)  Plaintiff has named nine Defendants in his Amended Complaint.  Six of those Defendants reside in the Western District, and the remaining three Defendants reside in the Middle District.

---

[3]Sci-Waymart is located in the Middle District of Pennsylvania.

The three Defendants who reside in the Middle District take part in the Beard Defendants' motion to dismiss.  Thus, all Defendants either reside in the Western District or are amenable to service in the Western District.  Moreover, any alleged wrongful action taken by those Defendants who reside in the Middle District occurred while they were in the Western District.  Thus, Defendants' preference and the fact that all the relevant action took place in the Western District weigh in favor of transfer.

Additionally, practical considerations dictate that the action should be transferred to the Western District.  First, Plaintiff, who is currently incarcerated in the Western District, would not be inconvenienced by a transfer to the Western District.  Second, Defendants, especially those who reside in the Western District, would be inconvenienced by having to appear in the Middle District.  Third, it would pose a greater expense to transport and house Plaintiff in the Middle District if the case were to go to trial.  Finally, there is no risk that Plaintiff would be prejudiced by the transfer of this action.  Accordingly, the court will transfer Plaintiff's Amended Complaint to the Western District.

**IV.** **Conclusion**

In accordance with the foregoing discussion, the court will deny the Beard Defendants' motion to dismiss based on venue; however, the court will grant the Beard Defendants' request to transfer venue to the Western District. The court declines to rule on any other aspect of the Beard Defendants' motion to dismiss. Additionally, the court will decline to rule on Defendants Koli's or Edelman's motions to dismiss. An appropriate order will follow.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: June 15, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH BROWN,** | **CIVIL NO. 1: CV-04-2647** |
| **Plaintiff** | |
| v. | |
| **FREDERICK MAUE, Correctional Chief Clinic Service of Psychiatry; LANCE COUNTURIER, Psychologist Chief; DR. RAVINDRANATH KOLLI, Psychiatrist; PETE SAAVENDRA, Psychiatrist at SCI-Fayette; GARY GALLUCCI, Psychologist; DAVID YANAK, Psychologist at SCI-Fayette,** | |
| **Defendants** | |

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) The Beard Defendants' Motion to Dismiss (doc. 32) is **DENIED** in part, **GRANTED** in part, and **STAYED** in part. The Beard Defendants' request to transfer venue to the Western District of Pennsylvania is **GRANTED**. The Beard Defendants' Motion to Dismiss based on venue is **DENIED**. The balance of the Beard Defendants' arguments are **STAYED** pending transfer to the United States District Court of the Western District of Pennsylvania.

2) Defendant Koli's Motion to Dismiss (doc. 30) is **STAYED** pending transfer to the United States District Court of the Western District of Pennsylvania.

3) Defendant Edelman's Motion to dismiss (doc. 31) is **STAYED** pending transfer to the United States District Court of the Western District of Pennsylvania.

       4) The Clerk of Court shall transfer the captioned matter to the Western District of Pennsylvania and close the file in this district.

                                       s/Sylvia H. Rambo
                                       SYLVIA H. RAMBO
                                       United States District Judge

Dated: June 15, 2005.